Jin v. Holder

BIA
Nelson, IJ
A099 328 460

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand fourteen.

PRESENT:
> ROBERT D. SACK,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

YINGCHUN JIN,
> *Petitioner,*

v.                                        12-3159
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:     Yingchun Jin, *Pro Se*, Flushing, New York

FOR RESPONDENT:     Stuart F. Delery, Acting Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Shahrzad Baghai, Trial Attorney, Office of

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yingchun Jin, a native and citizen of the People's Republic of China, seeks review of a July 13, 2012, decision of the BIA affirming the February 3, 2011, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yingchun Jin*, No. A099 328 460 (B.I.A. July 13, 2012), *aff'g* No. A099 328 460 (Immig. Ct. N.Y. City Feb. 3, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Jin's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the plausibility of an applicant's account, as well as inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Furthermore, for purposes of a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent." *Xiu Xia Lin*, 534 F.3d at 166. We "defer [ ] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id*. at 167. In this case, the agency reasonably based its adverse credibility finding on the discrepancies between Jin's asylum application and testimony, the discrepancies between her testimony and the evidence proffered by her sister, the negative demeanor of Jin and her sister, and a failure to provide corroborating evidence.

3

Jin asserted in her asylum application that her family in China had not experienced any harm, but during her testimony, she stated that the police had beaten her husband in August 2009 due to her participation in the Chinese Democracy and Justice Party ("CDJP").  She also testified that she had written two articles in Chinese criticizing the Chinese government for the CDJP and that she had shared her hand-written drafts with her sister and had taken her sister to the CDJP office in Flushing to see the final versions posted on the party website.  However, her sister testified that she had learned of Jin's articles and CDJP membership when her roommate showed her the party website at home and she saw Jin's photograph and two articles written in Korean.  These inconsistencies regarding the basis for Jin's fear of persecution provide substantial evidence for the agency's adverse credibility determination.  *See Xiu Xia Lin*, 534 F.3d at 166, 167.

The adverse credibility determination is bolstered by the IJ's observations regarding Jin and her sister's demeanor and Jin's lack of corroborating evidence.  We accord particular deference to the trier of fact's assessment of demeanor, as she was in the best position to

4

observe their manner while testifying. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006). And, Jin's failure to provide reasonably available evidence to corroborate her claim prevented her from rehabilitating the testimony that had been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Furthermore, the agency reasonably declined to credit Jin's explanations for failing to provide corroborating evidence. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Given the discrepancies, negative demeanor, and lack of corroboration, the totality of the circumstances supports the agency's credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. As all of Jin's claims share the same factual basis, the adverse credibility finding necessarily precludes success on asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

5

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
